UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00485-H

KRISTE COOK                                                                                                        PLAINTIFF

V.

ESTATE OF ROBERT L. MOORE, et al.                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case arises from a car accident occurring on November 18, 2010 between Plaintiff Kriste Cook and Robert L. Moore, the alleged tortfeasor. The two defendants named in this case are Mid-Century Insurance Company, Moore's insurer, and Robert L. Moore himself. Moore has since died, so his estate is the proper defendant. Plaintiff initiated the suit in the Jefferson Circuit Court, and Defendant removed the case pursuant to 28 U.S.C. § 1446 on diversity jurisdiction grounds. Plaintiff now contends that the case should be remanded to state court. For the reasons that follow, the Court denies the motion.

Plaintiff first asserts that Defendant has failed to show that the amount in controversy exceeds $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332. *Gafford v. Gen. Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993) ("A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements"). In support, Plaintiff points to her Second Amended Complaint, in which Plaintiff stated that her claims are less than $75,000. However, Defendant has satisfied its duty of proving that Plaintiff's statement in her Complaint is insufficient to establish that the amount in controversy threshold will not be met, and instead that Plaintiff's prayer for various forms of relief potentially amount to damages in excess of $75,000.

First, the Court concludes that under Kentucky law, a statement in a complaint declaring that the plaintiff is seeking less than $75,000 is insufficient to affirmatively establish that the amount in controversy requirement for diversity jurisdiction cannot be met. Kentucky Rule of Civil Procedure 8.01(a) only allows for "a short and plain statement . . . showing that the pleader is entitled to relief." Therefore, Plaintiff's exacting statement in her Complaint was not procedurally proper, and could be ignored or amended at a later time in these proceedings. Indeed, Kentucky law provides for significant flexibility for plaintiffs to amend complaints.

Defendant responds that it sent Plaintiff a stipulation effectively establishing that the amount in controversy would not exceed $75,000, and Plaintiff has yet to sign the stipulation. It has been this Court's opinion that "the complaint [does not] limit[] the amount of a potential judgment," because "[t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Egan v. Premier Scales & Systems*, 237 F.Supp. 2d 774, 778 (W.D. Ky. 2002). Instead, parties should submit an "unequivocal statement and stipulation limiting damages" to serve the purpose of restricting the amount in controversy so that diversity jurisdiction would be procedurally improper. *Id.*

Accordingly, Plaintiff must irrevocably and unequivocally stipulate that she would neither seek nor accept damages in excess of $75,000. Even though the statement in her Complaint was insufficient, Plaintiff had to opportunity to properly stipulate to this damages limitation, but refused to do so. Defendant notes that Plaintiff seeks damages to compensate for present injuries, future injuries, permanent impairment of ability to labor, and future and past medical expenses, satisfying its burden of proving that the amount in controversy could exceed $75,000. Therefore, the motion to remand must be denied on these grounds.

Plaintiff also asserts that she is entitled to a remand because Defendant has failed to make the estate a party to the action, so while the only defendant in this case is technically Robert L. Moore, the Estate of Robert L. Moore responded to this motion. According to the Plaintiffs, the response to this motion by an unnamed party is procedurally improper, and therefore the Defendant did not actually respond to Plaintiff's motion. Defendant counters that this procedural deficiency is of the Plaintiff's own making. Plaintiff named Robert L. Moore in the Complaint, even though Plaintiff was aware that Robert L. Moore's estate was handling this case when Plaintiff served the Complaint.[1] Moreover, Plaintiff named "Estate of Robert L. Moore" as the defendant in the call of the case in both the Motion to Remand and Reply to her Motion to Remand. Plaintiff cannot now claim that Defendant is improper.

Finally, Plaintiff makes a claim for attorney's fees for those hours devoted to this motion. Attorney's fees can be awarded to the moving party upon a court's decision to remand a case for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(d). Because this Court is denying remand, attorney's fees are improper. Moreover, it is axiomatic that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Defendant had a reasonable basis for concluding that the amount in controversy would be met, considering that Plaintiff prayed for relief for permanent injuries, permanent impairment of the ability to labor, and all past and future medical expenses. For these reasons, Plaintiff is not entitled to attorney's fees.

---

[1] Plaintiff has been aware and acting as if the proper defendant in this case is the Estate of Robert L. Moore, as evidenced in the fact that Plaintiff prompted the probate court in Alabama to appoint an *Executor ad Litem* for Robert L. Moore's estate in order to open an ancillary estate that could accept service for Robert L. Moore.

3

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED, and Plaintiff's motion for attorney's fees is DENIED.


cc: Counsel of Record